Marinac v Marinac

2026 NY Slip Op 02880

May 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Maryanne Marinac, Plaintiff-Appellant,

v

Tiho Marinac, Defendant, John R. Gorman, Nonparty-Respondent.

Decided and Entered: May 07, 2026

Index No. 365207/22|Appeal No. 6562|Case No. 2025-02661|

Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Maryanne Marinac, appellant pro se.

[*1]

Order, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered on or about April 1, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to join nonparty respondent John R. Gorman as a third-party, compel disclosure from him, and require him to restore marital assets and reimburse her for litigation costs, and granted nonparty respondent's cross-motion to enjoin plaintiff from initiating future litigation against him in this action without leave of court, unanimously affirmed, without costs.

The court providently exercised its discretion in enjoining plaintiff from future litigation against Gorman without leave of court (see Matter of Shapiro v Hayes, 133 AD3d 468, 468 [1st Dept 2015]; see also Matter of Michael G. v Katherine C., 167 AD3d 494, 496 [1st Dept 2018]). In the instant motion, plaintiff sought the same relief as in a prior motion that had been marked resolved by the court. On appeal, she does not deny that Gorman already provided financial documents responsive to her subpoena, nor does she identify any documents that remain outstanding.

Plaintiff also does not offer any legal and factual grounds on which to join Gorman, a business associate of defendant husband, as a third-party to this matrimonial action and make him personally responsible for repaying defendant husband's alleged transfer to him of marital funds (see CPLR 1002). Gorman explained that the transactions plaintiff points to do not show that he wrongfully transferred funds away from the marital estate but rather represent authorized business dealings between him and defendant husband. Whether the transfers consisted of marital funds subject to equitable distribution is properly addressed and resolved in the matrimonial action against the husband.

The court also properly denied plaintiff's request for reimbursement for litigation costs associated with this motion because there is no pleading in this action which would allow the court to award such relief against Gorman.

Furthermore, nothing in the record suggests plaintiff was subjected to unfair or disparate treatment requiring that the matter be reassigned to a different justice. Nor is there anything in the record to suggest that the court was biased, or failed to exercise of judicial discretion warranting reversal (see e.g. Messinger v Mount Sinai Med. Ctr., 15 AD3d 189, 189 [1st Dept 2005], lv dismissed 5 NY3d 820 [2005]).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 7, 2026